IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| RONALD C. FORREST | * | |
| | * | |
| v. | * | Civil No.- AW-07-0335 |
| | * | Criminal No. AW-03-0458 |
| | * | |
| UNITED STATES OF AMERICA | ****** | |

## MEMORANDUM OPINION

Before the Court is a Motion by the Petitioner/Defendant, Ronald C. Forrest, for relief pursuant to 28 U.S.C § 2255 To Vacate, Set Aside or Correct Sentence. In his Motion, Petitioner claims that he was the victim of ineffective assistance of counsel. Petitioner has set forth some nine (9) grounds in support of his claim. Petitioner alleges: (1) that his counsel failed to discuss any and all plea negotiations and offers with Petitioner; (2) that his counsel failed to preserve at trial any constitutional issues for appeal, specifically, failing to preserve the right to constitutionally challenge the power of Congress under the Commerce Clause to proscribe the intrastate production and possession of child pornography; (3) that his counsel failed to obtain and present a defense expert either in its case in chief or to rebut the expert testimony of the Government's expert on child pornography offenders; (4) that his counsel failed to object to the testimony, and to various characterizations (e.g "sexual offender", "acquaintance molester," "child abuser") of the expert witness, and to the expert's power-point presentation during the testimony of the expert; (5) that his counsel failed to introduce into evidence video tapes and the transcribed recording of said video tapes; (6) that his counsel provided incompetent representation at the motions hearing to suppress the search warrant by failing to understand the

1



standard required in a Franks hearing; (7) that his counsel provided incompetent representation during the pre-trial motions state by misapplying Rule 16 as it pertained to the photographs, and by wasting significant time arguing that the Government had a duty to provide the defense with redacted copies of the photographs; (8) that his counsel provided incompetent representation by committing a series of evidentiary mistakes throughout the trial that affected the outcome in the criminal case; and (9) that his counsel provided incompetent representation and errors that resulted from neglect or ignorance. The Government has responded to the Motion, and the Motion is ripe for resolution. The Court has reviewed the current pleadings and the entire file relative to the present Motion, including the transcript of the pertinent portions of the motions hearings, the underlying criminal case file, the Judgment issued by this Court and the published decision by the Fourth Circuit with respect to the Petitioner's appeal of his conviction and sentence. For the reasons stated hereinafter, the Motion must be denied.

In order to prevail on his claim for ineffective assistance of counsel, Petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness (the performance component), and that there is a reasonable probability that, but for counsel's ineffectiveness, the result of the case or his fate would have been different (the prejudice component). Strickland v. Washington, 466 U.S. 668 (1984), is the well known case which sets forth the standard. The Court will examine the record in this case to determine whether the grounds asserted by Petitioner support the requested relief under § 2255.

**First**, Petitioner claims that his counsel failed to discuss any and all plea negotiations and offers with Petitioner. There is no further detail of this claim beyond the assertions that Petitioner's attorney failed to discuss plea negotiations and plea offers with him. There is

nothing presented to indicate that Petitioner asked his counsel to engage in plea discussions; nothing presented to suggest that there were any plea negotiations; nothing to indicate that the Government would have offered any plea offers or would have offered any sentence less than the statutorily mandated ten-year sentence; nothing presented to even suggest that Petitioner would have accepted a plea offer had it been offered; and nothing to show any prejudice sustained by Petitioner because of the alleged absence of any plea offers having been communicated to Petitioner. What is clear from the record is that Petitioner's defense was to vigorously assert his innocence, and his strategy throughout the trial was to challenge the Government's theory of the case. This first claim of a failure to discuss plea negotiations and plea offers has not been developed nor established in any meaningful manner and, therefore, must be denied.

**Second**, Petitioner argues that his counsel failed to preserve any constitutional issues for appeal, specifically, failing to preserve the right to constitutionally challenge the power of Congress under the Commerce Clause to proscribe the intrastate production and possession of child pornography. This claim also cannot be sustained. Petitioner has not shown that the failure of his counsel to raise this issue constitutes dereliction in performance. Nor has there been any showing that Petitioner suffered any prejudice. In fact, the Fourth Circuit addressed this very issue on appeal under a plain view error standard and concluded that there was no constitutional nor decisional authority upon which to support this claim. See United States v. Ronald C. Forrest, 429 F.3d 73 (4th Cir. 2005). Furthermore, the Supreme Court held in Gonzales V. Raich, 545 U.S. 1 (2005), that pursuant to the Commerce Clause, there is a rational basis upon which Congress is constitutionally permitted to regulate child pornography activities. Therefore, this claim must be rejected.

3

**Third,** Petitioner complains that his counsel failed to obtain and present a defense expert either in its case in chief or to rebut the expert testimony of the Government's expert on child pornography offenders. Whether the defense could have or should have secured a defense expert and the extent to which such testimony, if presented, would have altered the outcome of the criminal trial is utter speculation. What the record reflects is that counsel for Petitioner did file an objection to the Government's expert. The Court denied the objection. Petitioner's counsel then crossed-examined the Government's expert during the trial. The Court cannot speculate as to what impact the Government's expert had, if any, on the jury and on the outcome of the trial. At any rate, the Court cannot conclude that the decision not to present expert testimony was such a performance flaw as to have undermined the defense. This claim has not been shown to reflect constitutional ineffectiveness.

**Fourth,** Petitioner alleges that his counsel failed to object to the testimony, to various characterizations (e.g "sexual offender", "acquaintance molester," "child abuser") of the expert witness, and to the expert's power-point presentation during the testimony of the expert. Petitioner further argues that his counsel was ineffective in not seeking a continuance in order to obtain a rebuttal expert. This claim also does not, on this record, support a basis for relief under Strickland. Absent those circumstances which portend obvious constitutional violations, the matter of when and whether to object to testimony, to object to evidence, and to request a continuance often are matters of strategy, and normally are lodged within the sound discretion of counsel. Here, the claim that counsel failed to object to various characterizations and failed to object to the power-point presentations by the expert, without more, simply does not support a finding by this Court of any performance defect. Nor has the requisite resulting prejudice been

shown.

**Fifth**, Petitioner claims that his counsel failed to introduce into evidence video tapes and the transcribed recording of said video tapes. According to Petitioner this failure probably changed the outcome of the case. There is no discussion of this claim beyond the one sentence. A few obvious questions immediately leap in the face of the Court. What video tapes? What do these tapes reference? Are they relevant, material, and admissible? What would have been the substance of the transcribed recordings? There are no further details or discussions presented on this claim. Without more, this claim fails.

**Sixth**, Petitioner argues that his counsel provided incompetent representation at the motions hearing to suppress the search warrant by failing to understand the standard required in a Franks hearing.[1] Petitioner, through his counsel, filed a motion to suppress and proceeded to present his arguments which included a request for a Franks hearing. The Court has reviewed the transcript of the April 12, 2004 Motions Hearing ("Motions Hearing"). See Government's Opposition (Exhibit D). The Court understood that counsel was requesting a Franks hearing and the Court reminded counsel that he had a difficult Franks standard to meet. Yet, as reflected in the transcript of the motions hearing, Petitioner's counsel proceeded to articulate and argue what he considered his most cogent points (including what he referred to as cumulative inaccuracies) in support of his request for a Franks hearing. See Transcript of Motions Hearing at 1-20. While counsel did not convince the Court that the defense had met the tough standard for securing a

---

[1] In Franks v. Delaware 438 U.S. 154 (1978) the Supreme Court held that in order to be entitled to a hearing for purposes of challenging an affidavit supporting a search warrant, the defendant must make a preliminary showing that a false statement knowingly and intentionally or with reckless disregard for the truth was included by the affiant in the warrant affidavit.

Franks hearing, the Court, nevertheless, believes that counsel made a reasonable argument in support of the request for a Franks hearing. Accordingly, the Court does not believe that this claim meets the Strickland test.

The three remaining claims all assert incompetent representation but are devoid of specificity with respect to how the alleged actions or non-actions provide relief under Strickland. As a **Seventh** claim, Petitioner claims that his counsel provided incompetent representation during the pre-trial motions stage by misapplying Rule 16 as it pertained to the photographs and by wasting significant time arguing that the Government had a duty to provide the defense with redacted copies of the photographs. While the request for redacted copies was denied, there is nothing relative to the request which convinces the Court that counsel's performance was lacking and that Petitioner sustained any actionable prejudice. This claim must be denied.

**Eighth**, Petitioner claims that his counsel provided incompetent representation by committing a series of evidentiary mistakes throughout the trial that probably changed the outcome in the criminal case. Beyond the general, one-sentence claim of evidentiary mistakes, Petitioner has not directed the Court to the evidentiary mistakes to which he refers. This claim, therefore, is devoid of merit.

Finally, as his **Ninth** claim, Petitioner claims that his counsel provided incompetent representation and errors that resulted from neglect or ignorance. Without more specificity as to how counsel provided incompetent representation and what errors resulted from neglect and ignorance, the Court simply cannot fathom the precise point Petitioner argues as to this claim. This claim, therefore, constitutes a bald allegation and must be denied.

In short, the Court has reviewed the entire record, including the criminal proceedings as

well as the pleadings and record with respect to the instant Motion, and concludes that Petitioner has not demonstrated any constitutional ineffectiveness under the Strickland test to warrant relief from the conviction and sentence. Petitioner simply makes a number of bald allegations of ineffectiveness with no factual support. The inescapable conclusion the Court reaches is that there is no evidence of a performance deficiency. Nor is there anything presented here in this record to demonstrate prejudice sustained by Petitioner even if the Court could find deficiencies in performance. Accordingly, the Motion To Vacate, Set Aside, or Correct Sentence is DENIED.

A separate order will issue.

August 31, 2007
Date

Alexander Williams, Jr.
United States District Judge